UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CALISTRO GARCIA, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:22-CV-319-HAB-SLC |
| DAVID J. GLADIEUX, | |
| Defendant. | |

OPINION AND ORDER

Calistro Garcia, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983 complaining about several aspects of his confinement in the Allen County Jail. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, however, the information in Garcia's complaint establishes that he filed suit without first exhausting his administrative remedies within the jail. It is frivolous to file suit before administrative remedies have been exhausted, and therefore, this case must be dismissed.

Garcia seeks damages from Sheriff David J. Gladieux for alleged unconstitutional conditions of confinement at the Allen County Jail. In the complaint, which he signed under penalty of perjury, Garcia admitted that he did not file a grievance about the offending conditions at the jail. ECF 1 at 4. He explained, "to be blunt, they do not care about anyone in this jail." *Id.*

In the Prison Litigation Reform Act, Congress mandated that prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is required even if the prisoner believes the grievance process will not work for him. "[T]here is no futility exception to the PLRA's exhaustion requirement." *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999); *see also Dole v. Chandler*, 438 F.3d 804, 808-809 (7th Cir. 2006) (holding that exhaustion is necessary even "if the prisoner believes that exhaustion is futile. The sole objective of § 1997e(a) is to permit the prison's administrative process to run its course before litigation begins." (citations and quotation marks omitted)). Garcia's subjective belief that filing a grievance would not make a difference does not excuse his choice not to file one.

The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole*, 438 F.3d at 809. Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "By its plain terms, the PLRA requires prisoners to exhaust administrative remedies *before* filing suit; a sue first, exhaust later approach is not acceptable." *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020)

2

(quotation marks omitted). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis in original).

"Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). Nevertheless, "a plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted). The complaint here shows that Garcia made no attempt to exhaust his administrative remedies before he filed suit, and therefore this case must be dismissed. *See Schillinger v. Kiley*, No. 21-2535, 2022 WL 4075590, at *1 (7th Cir. Sept. 6, 2022) (unpublished) ("Although failure to exhaust is an affirmative defense, a district court may dismiss a complaint at screening if the complaint, and any documents subject to judicial notice, establish the defense so plainly as to make the suit frivolous.").

For these reasons, this case is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(1) because it is frivolous to sue before exhausting administrative remedies.

SO ORDERED on October 13, 2022.

s/Holly A. Brady  
JUDGE HOLLY A. BRADY  
UNITED STATES DISTRICT COURT

3